# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRACY ROCKERS, )<br>)<br>Defendant. )<br>_____ ) | CRIMINAL ACTION<br><br>No. 12-20003-05-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on the government's Motion For Review Of Release (Doc. #40) filed January 31, 2012. On February 7, 2012, the Court held a hearing on the motion. For reasons stated below, the Court finds that defendant should be detained pending trial.

## Procedural Background

On January 25, 2012, a grand jury charged defendant with possession and distribution of methamphetamine and conspiracy to distribute methamphetamine. Under 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), the conspiracy charge (Count 1) carries a statutory mandatory minimum term of imprisonment of ten years and a maximum term of life, with a presumption of detention. On January 31, 2012, United States Magistrate Judge James P. O'Hara held a detention hearing and overruled the government's oral motion for detention. Judge O'Hara ordered defendant released pending disposition of this case, but suspended the order of release until further order by this Court.

## Standard of Review

The government may seek review of a magistrate judge's order of release under 18 U.S.C. § 3145(a)(1). The district court reviews *de novo* a magistrate judge's order of release or detention. See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002); United States v. Burks, 141

F. Supp.2d 1283, 1285 (D. Kan. 2001). The district court must make its own *de novo* determination of the facts and legal conclusions with no deference to the magistrate judge's findings. See Lutz, 207 F. Supp.2d at 1251. A *de novo* evidentiary hearing, however, is not required. See id. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See Torres, 929 F.2d at 291. The Court also may incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted there. Lutz, 207 F. Supp.2d at 1251-52.

## Standards For Detention

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account the available information concerning –

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The government carries the burden to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. Lutz, 207 F. Supp.2d at 1251 (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must show by a preponderance of the evidence that defendant presents a serious flight risk. The government must prove dangerousness to any other person or the community by clear and convincing evidence. Id. at 1252.

## Analysis

The Court incorporates the record of the proceedings conducted by the magistrate judge, supplemented by the hearing held on February 7, 2012.

**I.     Nature And Circumstances Of The Offense**

The offense involves conspiracy to distribute and distribution of methamphetamine. This factor weighs in favor of detention.

**II.    Weight Of The Evidence**

At the hearing on January 31, 2012, the government proffered evidence which supports a finding that defendant conspired to distribute and distributed methamphetamine. The weight of the evidence favors detention.

### III.     History And Characteristics Of Defendant

Defendant is 22 years old and is not married. She has a five-year-old daughter who has been in the custody of defendant's parents since August of 2011. Defendant's parents live in Greeley, Kansas where they are both employed. Defendant has three sisters.

Defendant was raised in Greeley and graduated from high school in 2008. She has earned an LPN license. From May of 2006 to October of 2010, she worked for the Anderson County Hospital in Garnett, Kansas as a certified nursing assistant. She has only worked odd jobs since then.

Defendant has been in a relationship with Michael Quick, a co-defendant, for one year. He works for a farmer in Eudora, Kansas. For the past year, defendant has lived with Quick in a rental home in Eudora. During that time she has been addicted to methamphetamine. After her arrest on the federal indictment, defendant sought drug treatment, but she admits to using drugs since completing the treatment program.

Defendant's sister, Audrey Frank, has advised the probation office that she will allow defendant to live with her and her husband, Dale Frank, in Olathe. Audrey and Dale Frank are employed and neither has a criminal record.

Defendant has strong family ties to Kansas and her ties suggest that she is not a flight risk. The United States Probation Office recommends that the Court release defendant on conditions.

### IV.     Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that she will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). Here, defendant is charged with conspiracy to distribute methamphetamine. Further, the government

proffered evidence that after defendant was charged with sale of methamphetamine in Johnson County, Kansas state court on September 19, 2011, she sold methamphetamine on two occasions while on house arrest. The Court finds by clear and convincing evidence that defendant is a danger to the community.

**V.     Conclusion**

Based upon the evidence proffered at the hearing, the Court concludes that no set of conditions of release will ensure that defendant will not pose a danger to the community.

**IT IS THEREFORE ORDERED** that the government's Motion For Review Of Release (Doc. #40) filed January 31, 2012 be and hereby is **SUSTAINED**. Defendant shall remain in custody pending resolution of this case.

Dated this 13th day of February, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
